[In Bank.—December 29, 1883.]

THE PEOPLE, APPELLANT, *v.* A. FLORES, RESPONDENT.

CRIMINAL LAW—EMBEZZLEMENT—INFORMATION.—An information which charges the crime of embezzlement by alleging that the defendant was intrusted with the possession of certain property as bailee *accommodatum*, etc., is not subject to demurrer on account of the word *accommodatum*. Such word is useless in connection with the charge, and its insertion in the information does not prejudice the defendant in any substantial right.

APPEAL from an order of the Superior Court of Merced County sustaining a demurrer to an information.

The information charged the defendant with the crime of embezzlement, alleging that he had been intrusted with the possession of certain property as bailee *accommodatum*. The defendant interposed a demurrer on this ground, and it was sustained.

The remaining facts are stated in the opinion of the court.

*Attorney-General Marshall*, and *District Attorney Farrar*, for Appellant.

*S. W. Geis*, and *Ostrander & Knox*, for Respondent.

McKEE, J.—Eliminating from the information the word *accommodatum*, the description of the offense charged against the defendant was unobjectionable. It may be conceded that the word has no common acceptation; it was, therefore, useless in connection with the charge, and as its insertion in the information did not tend to the prejudice of the defendant, in respect to a substantial right, and did not prejudice the information nor the description of the offense, it should have been disregarded. (§§ 960, 1404, Pen. Code.)

Judgment reversed, and cause remanded with instructions to overrule the demurrer.

MORRISON, C. J., McKINSTRY, J., and Ross, J., concurred.